Mr. Chief Justice Shakkey
delivered the opinion of the court.
A motion was made in the probate court of Monroe county, to revoke letters of administration de bonis non granted to Griffin Roberts on the goods and chattels of William Martin, for two reasons; first, because he was not the-next of kin; and secondly, because at the time of granting the letters, Samuel A. Edmund-son was surviving executor.
In regard to the first reason, it is a question which could only arise at the instance of the next of kin, no other person having the right to question the grant of administration on that ground, and it does not appear that Edmundson was entitled to the administration as next of kin. If the person entitled to administration do not apply for it within sixty days, then the judge may grant it to some other person; arid it does not appear that the person entitled did apply in this case.
The other point is equally clear. An executor derives his power from the will, and letters testamentary cannot be granted to one who is not appointed by the will. The hnshaad_of an executrix may exercise all the powers of execudag^IE^igustee of the appointment of his wife, without anwMuaiijKation on P|s part. Mrs. Martin, who, after the death ofiraVÍ&tin, interaia^i^L with Edmundson, being appointed executrik hwfllh«Mfiir, herí husband was entitled and indeed bound to actKMrmg her lifig^iati when she died his power Avas at an end. It i|La d¿ff not survive to him, inasmuch as it belonged N^him -rperi^fv in *330 her right as representative of the deceased. Martin on Executors, 157. That he qualified with her cannot make any difference, as such qualification was wholly unnecessary. and illegal, he not having been appointed by the will.' His assent, so far as to make her bond obligatory, was, perhaps, necessary.
The judgment must be affirmed.